No. 05-547

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 347N

IN THE MATTER OF THE MENTAL
HEALTH OF V.K.,

     Respondent and Appellant.

APPEAL FROM:    The District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDI 2005-022,
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Craig Fitch, Mental Disabilities Board of Visitors,
Warm Springs, Montana

     For Respondent:

          Mike McGrath, Montana Attorney General, Jim Wheelis,
Assistant Attorney General, Helena, Montana

          Leo J. Gallagher, Lewis and Clark County Attorney,
Mike Menahan, Deputy County Attorney, Helena, Montana

     For Amicus Curiae:

          Anita Roessmann, Montana Advocacy Program, Helena, Montana

Submitted on Briefs:  July 19, 2006

Decided:  December 27, 2006

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    V.K. appeals the April 19, 2005, Order by the Montana First Judicial District Court for Lewis and Clark County ordering that V.K. be committed to the Montana State Hospital and authorizing the administration of medications against V.K.'s will.  We affirm.

¶3    V.K. presents several issues on appeal including her attorney's alleged ineffectiveness, the constitutionality of Montana's civil commitment statutes, and the authority of the District Court to order involuntary medications based on the testimony of a licensed clinical professional counselor.

¶4    It is clear from the record that V.K. did not raise these issues in the District Court. The general rule is that issues brought before this Court for the first time on appeal will not be considered.  We do reserve "the power to examine constitutional issues that involve broad public concerns to avoid future litigation on a point of law."  *State v. Carter*, 2005 MT 87, ¶ 13, 326 Mont. 427, ¶ 13, 114 P.3d 1001, ¶ 13.  We will not exercise this reserved power in the case before us, however, because the sparse record of the proceeding below—a problem conceded by V.K.—does not contain sufficient facts

2

upon which to premise a ruling on the substantive issues presented. Additionally, V.K.'s arguments rely in large part upon information that was not presented to the District Court, and therefore is outside of the record.

¶5 Similarly, V.K.'s argument that her counsel was ineffective is based on documentation and evidence that is not part of the District Court record. V.K. cites to a medical journal article and a record of complaints to the Mental Disabilities Board of Visitor's by other patients who have claimed to have had no access to their attorneys. Under M. R. App. P. 9(a), which requires that "original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court shall constitute the record on appeal in all cases," such articles and records cannot be considered. Moreover, even if they were considered, these records would not tend to render the claims raised in V.K.'s case more or less true.

¶6 Finally, we note that V.K.'s arguments on appeal were submitted to us after she had been released from her commitment. V.K. asks us nonetheless to vacate her commitment after the fact, declare certain statutory provisions unconstitutional, and adopt guidelines for future involuntary medication cases. She argues, inter alia, that the lack of due process she received is not a moot issue, and is capable of repetition. We have in the past reversed and remanded for entry of an order vacating an order of commitment when the complete record before us failed to establish the "imminent threat of injury" upon which the district court relied in committing an individual to the State Hospital. See *In Re Mental Health of C.R.C.,* 2004 MT 389, ¶ 34, 325 Mont. 133, ¶ 34, 104 P.3d 1065, ¶

3

34. Here, by contrast, the record is insufficient to establish the errors of which V.K. complains, nor does it support the broad spectrum of relief she asks us to exact. We simply have no basis in the record for entering an order of the magnitude V.K. requests.

¶7 Based upon the foregoing, it is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. We affirm.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ JIM RICE